# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 13-cr-** |
| | : | |
| | : | **VIOLATION:** |
| | : | |
| | : | 18 U.S.C. § 666(a)(1)(A) |
| v. | : | (Theft Concerning Program Receiving |
| | : | Federal Funds) |
| | : | |
| | : | **FORFEITURE:** |
| | : | |
| **PAUL F. KAUFMAN,** | : | 18 U.S.C. § 981(a)(1)(C), |
| | : | 21 U.S.C. § 983, and 28 U.S.C. § 2461(c) |
| **Defendant.** | : | |

## INFORMATION

The United States Attorney hereby charges that;

At all times material to this Information:

1. "NON-PROFIT A" was a non-profit organization that received in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, during each calendar year between 2004 and 2012.

2. Defendant PAUL F. KAUFMAN was an agent and the Chief Technology Officer of NON-PROFIT A between 2004 and May 2012.

3. From between on or about January 5, 2004, and continuing until at least on or about April 27, 2012, in the District of Columbia and elsewhere, defendant PAUL F. KAUFMAN, willfully and knowingly did embezzle, steal, obtain by fraud, and otherwise without authority, convert to the use of other persons, who were not the rightful owners of property, property that was valued at $5,000 or more, which was owned by, and under the care, custody, and control of NON-PROFIT A, that is, between $70,001 and $157,516.21 in the total

value of money, goods, and services.

**(Theft Concerning Program Receiving Federal Funds,
in Violation of Title 18, United States Code, Section 666(a)(1)(A))**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgment against the defendant for at least $70,001.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code,
Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and
Title 28, United States Code, Section 2461(c))**

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

By: _____
EPHRAIM (FRY) WERNICK
Assistant United States Attorney
D.C. Bar No. 497-158
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 252-7092
ephraim.wernick@usdoj.gov